# United States Bankruptcy Court
**Northern District of Florida**

In re   **Raiford Rollins, Jr.**                                                                                                  Case No.   **12-40358**
                                                Debtor(s)                                       Chapter   **13**

## CHAPTER 13 PLAN FIRST MODIFIED

1. **Payments to the Trustee**: The future earnings or other future income of the Debtor is submitted to the supervision and control of the trustee. The Debtor (or the Debtor's employer) shall pay to the trustee the sum of **$39,164.00 (which includes payment of 2012 and 2013 tax refunds) through month 24, then $2086.17 for 7 months then in January 2015 increasing to $2668.17 for 20 months (due to car paying off in 12-2014), then in September 2016, increasing to $3147.17 for 9 months (to end of plan) (increase due to new roof being paid for)**. The Debtor shall pay to the Trustee the tax refunds for **5** years.

    Total of base plan payments:   **$135,455.04**

2. **Plan Length**: The term of the plan is for   **60**   months.

3. Allowed claims against the Debtor shall be paid in accordance with the provisions of the Bankruptcy Code and this Plan.

    a. Secured creditors shall retain their mortgage, lien or security interest in collateral until the earlier of (a) the payment of the underlying debt determined under non-bankruptcy law, or (b) discharge under 11 U.S.C. § 1328.

    b. Creditors who have co-signers, co-makers, or guarantors ("Co-Obligors") from whom they are enjoined from collection under 11 U.S.C. § 1301, and which are separately classified and shall file their claims, including all of the contractual interest which is due or will become due during the consummation of the Plan, and payment of the amount specified in the proof of claim to the creditor shall constitute full payment of the debt as to the Debtor.

    c. All priority creditors under 11 U.S.C. § 507 shall be paid in full in deferred cash payments.

4. From the payments received under the plan, the trustee shall make disbursements as follows:

    **a.   Administrative Expenses/Priority Claims**

    (1) Trustee's Fee: As determined by the Attorney General of the United states.

    (2) Filing Fee (unpaid portion)   **0.00**

    (3) Priority Claims under 11 U.S.C. §507 - Domestic Support Obligations

        (a) Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.

        (b) The name(s) of the holder of any domestic support obligation are as follows  (11 U.S.C. §§ 101(14A) and 1302(b)(6)):

          **-NONE-**

        (c) Anticipated Domestic Support Obligation Arrearage Claims. Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2).

           **Creditor (Name)**                                      **Estimated Arrearage Claim**
           **-NONE-**

        (d) Pursuant to 11 U.S.C. §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

           **Claimant and proposed treatment**:   **-NONE-**

(4) Attorney's Fee (unpaid portion):   **$2000.00  upon confirmation and $950.00 and $153.33 in costs for postage and mailing.**

Pursuant to Standing Order of this Court, the Debtor's attorney may seek additional fees for the applicable amount as stated in the Order upon the filing of the required annual statement each year. If the Plan is modified due to an increase in income shown on the annual statement, the Debtor's attorney may seek additional fees for the applicable amount as stated in the Order. In either of these events, no further notice will be given to creditors.

(5) Other Priority Claims.

| Name | Amount of Claim | Interest Rate (If specified) |
|---|---|---|
| **Internal Revenue Service POC#5** | **2,528.69** | **4.00%** |

### b. Secured Claims

(1) Secured Debts Which Will Not Extend Beyond the Length of the Plan

(a) Secured Claims Subject to Valuation Under 11 U.S.C. §506.  Each of the following secured claims shall be paid through the plan as set forth below, until the secured value or the amount of the claim, whichever is less, has been paid in full.  Any remaining portion of the allowed claim shall be treated as a general unsecured claim.

| Name/Description of Collateral | Proposed Total Amount of Allowed Secured Claim | Interest Rate (If specified) |
|---|---|---|
| **Sunbelt POC#3** <br> **2007 Mercedes E350** <br> **VIN# WDBUF56XX7B065906;** <br> **Mileage 46,262** | **1,935.80** | **6.00%** |

(b) Secured Claims Not Subject to Valuation Under 11 U.S.C. §506.  Each of the following claims shall be paid through the plan as set forth below until the amount of the claim as set forth below has been paid in full.

| Name/Description of Collateral | Amount of Secured Claim | Interest Rate (If specified) |
|---|---|---|
| **-NONE-** | | |

(2) Secured Debts Which Will Extend Beyond the Length of the Plan

| Name/Description of Collateral | Amount of Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| **-NONE-** | | | |

### c. Unsecured Claims

General Nonpriority Unsecured: Unsecured debts shall be paid approximately **57** cents on the dollar and paid pro rata.

5. The Debtor proposes to cure defaults to the following creditors by means of monthly payments by the trustee:

| Creditor | Amount of Default to be Cured | Interest Rate (If specified) |
|---|---|---|
| **Beneficial/Hfc POC#4** | **17,634.23** | **0.00%** |

6. The Debtor shall make regular payments directly to the following creditors:

| Name/Description of Collateral | Amount of Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| **Beneficial/Hfc POC#4** <br> **1909 Setting Sun Trail, Tallahassee, Florida 32303** <br> **SFH inside city limits , 3/4 acre** | **235,119.01** | **1,753.00** | **Included in payment** |
| **Mercedes Benz Fin Svcs POC#9** <br> **2007 Mercedes E350** <br> **VIN# WDBUF56XX7B065906** <br> **Mileage 46,262** | **16,712.99** | **582.00** | **5.99%** |

7. The following executory contracts of the debtor are rejected:

| Other Party | Description of Contract or Lease |
|---|---|
| **-NONE-** | |

8. Property to Be Surrendered to Secured Creditor for which the creditor shall be entitled to file a deficiency claim:

   | Name/Description of Collateral | Amount of Claim | Description of Property |
   |---|---|---|
   | -NONE- | | |

9. Title to the Debtor's property shall revest in Debtor on confirmation of a plan unless otherwise provided in paragraph 11.

10. As used herein, the term "Debtor" shall include both debtors in a joint case.

11. Non-Standard Provisions (all non-standard provisions must be inserted in this paragraph).

    **1. If this plan does not make full payment to all timely filed claims in this case, then any and all tax refunds, bonuses, proceeds from lawsuits and/or insurance settlements or any other income received in any form by the debtor over the commitment period of the plan shall be devoted to the payment of all timely filed claims, with the exception of any monies already provided for in the Debtor's budget.**

    **2. Attorney Costs of $250.00 are to be paid through the Chapter 13 Plan.**

    **3. ABATEMENT OF PLAN PAYMENT PROCEDURES WHERE PLAN PAYMENT IS ULTIMATELY RETURNED TO THE ESTATE BY DEBTOR.**
    **During the plan and with notice only to the Ch 13 Trustee, the debtor may file an Election to Abate Plan Payment in a maximum of 3 plan payments in a 36 month case or 7 payments in a 60 month case.  The election can only be used for payment of necessary expenses or loss of job, & must state in the Election the method to replace the estate funds, unless the Election states that the case is and will remain a 100% repayment plan notwithstanding any abatements.  Debtor's Election may not be used to abate more than 2 consecutive payments at 1 time, and does not prohibit Debtor from filing and noticing to all creditors a Motion to Abate plan payments that do not meet the criteria of this plan provision.  The Election CANNOT be used in any case in which the Trustee is paying the regular mortgage payment through the Plan unless the abatement is only for a portion of the plan payment which will still allow payment of the mortgage payment and trustee's fee.  Trustee is authorized to adjust Debtor's pay schedules as set forth in the Election upon filing of the Election.**

    **4. USE OF TAX REFUNDS.**
    **During the plan, and with notice only to Chapter 13 Trustee, Debtor may file an Election Use Tax Refund for a max. of 30% of each tax refund per year in a 36 month case, plus an add'l 40% of each add'l tax refund per year in a 60 month case.  Election can only be used for pmt of necessary expenses or job loss and must provide in the Election the method to replace estate funds unless the Election states that the plan is and will remain a 100% repayment plan.  This election does not prohibit the debtor from filing and noticing to all creditors a Motion to Use Tax Refunds for refunds not meeting the criteria of this provision.  Debtor's duty to file and serve tax refunds on Trustee remains. Trustee is authorized to adjust Debtor's pay schedule as set forth in the Election by Debtor.**

    **5. DEBTOR INTENDS TO STRIP SECOND MORTGAGE TO HSBC and treat the filed claim as an unsecured claim.**

12. Other Provisions:

    Unsecured claims shall be paid interest to the extent available, if any, not to exceed 6%.

    The provisions of paragraph 3 are not intended to modify the rights of the holders of any mortgages on any real property owned by Debtor.  The terms of all notes and mortgages on Debtor's real property shall remain in full force and effect.

    **PAYMENT OF THE FOREGOING ARREARAGES UNDER THIS PLAN SHALL CONCLUSIVELY CONSTITUTE PAYMENT OF ALL PRE-PETITION ARREARAGES.**

    Pursuant to 11 U.S.C. §521(f)(4)(B) and Standing Order of this Court, the required annual statement as described shall be filed.

Date **May 29, 2013**                    Signature  **/s/ Kathryn A. Hathaway**
                                                    **Kathryn A. Hathaway**
                                                    Attorney


Date: May 29, 2013                                  **/s/ Raiford Rollins**
                                                    Raiford Rollins, Debtor