UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

IN RE:                                                                          CASE NO.: 12-40358 KKS
ROLLINS JR., RAIFORD                                       CHAPTER 13
    DEBTOR(S).
_____/

### MOTION TO MODIFY CHAPTER 13 PLAN ON NEGATIVE NOTICE

TO ALL CREDITORS AND OTHER PARTIES IN INTEREST:

> **Notice of Opportunity to Object and for Hearing**
>
> **Pursuant to Local Rule 2002-2, the Court will consider this motion, objection, or other matter without further notice or hearing unless a party in interest files an objection within twenty-one(21) days from the date of service of this paper. If you object to the relief requested in this paper, you must file your objection with the Clerk of the Court at 110 E. Park Avenue, Tallahassee, FL 32301, and serve a copy on the Movant's attorney, Kathryn A. Hathaway, Esq., Hathaway Sprague Law, P.A., at P.O. Box 3005, Tallahassee, Florida 32315, and on Leigh D. Hart, Chapter 13 Trustee, P.O. Box 646, Tallahassee, Florida 32302.**
>
> **If you file and serve an objection within the time permitted, the Court may schedule a hearing and you will be notified. If you do not file an objection within the time permitted, the Court will consider that you do not oppose the granting of the relief requested in the paper, and will proceed to consider the paper without further notice or hearing, and may grant the relief requested.**

**PLEASE TAKE NOTICE** that: The undersigned has filed the attached Chapter 13 Plan – First Modified in the above-styled proceedings.

If an objection to confirmation is timely filed and served, a hearing shall be scheduled by the objecting party and notice of the hearing served by the objecting party on the above-identified attorney for Debtor(s) and the Trustee. Absent any objection, no hearing shall be held and the Chapter 13 Plan – First Modified will be confirmed.

**COMES NOW,** RAIFORD ROLLINS JR, (the "Debtor(s)") and moves this Court for a Modification of his Chapter 13 Plan and would show:

1. Debtor's confirmed Second Amended Chapter 13 Plan (Corrected) (Doc. 82) was confirmed on March 16, 2013 (Doc. 89).

2. Debtor took a different position in his employer and as a result his pay has increased, requiring modification.

3. The plan requires other modifications in addition to allowing for the increase in income.

4. The confirmed plan contemplated that the Debtor's vehicle would be paid off in December 2013 and raised the plan payment accordingly.

5. Unfortunately that was not correct. Debtor's vehicle will not be paid off until December 2014 and the plan payment should not increase until January 2015. The proposed modified plan puts off the increase in plan payment until January 2015. A copy of the vehicle contract has been furnished to the Chapter 13 Trustee.

6. The roof to the Debtor's house was installed in 1991 and needs to be replaced. There are leaks in two places as well as other damage.

7. The confirmed plan contemplated that Debtor would have accumulated sufficient funds to repair his roof by February 2014 and raised his plan payment another $500 accordingly effective February 2014..

8. Unfortunately that was also incorrect. Debtor has not been able to save that $500 per month for replacing the roof due to other repairs and maintenance that was required including two (2) Air Conditioner repairs, a replacement water heater, garage door repairs, car repairs and purchase of new hearing aids for the Debtor. Debtor has supplied receipts to the Trustee.

9. Debtor's roof estimate shows that the roof repair will cost at the very least $9536 plus $3 per square foot to replace any rotten wood in the decking. The proposed Modified Chapter 13 Plan extends the $500 per month savings to repair the roof for another 20 months in order to pay for a new roof. The roof estimate has been provided to the Trustee.

Wherefore, Debtor respectfully requests that this Court authorize the modification of his Chapter 13 Plan to allow him to pay his reasonable and necessary living expenses and pay the balance to his creditors.

**RESPECTFULLY SUBMITTED this 29th day of May, 2014.**

                        Hathaway Sprague Law, P.A.
                        Attorneys for Debtor(s)

               By: /s/ Kathryn A. Hathaway
                  Kathryn A. Hathaway
                  Fla. Bar No. 622125
                  Wayne E. Sprague
                  Florida Bar No. 333972
                  P.O. Box 3005
                  Tallahassee, Fl 32315
                  850) 425-4700
                  850) 425-4704 (fax)
                  Notices@hathawaylaw.net

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by electronic and/or standard mail, on this 29th day of May, 2014 to the following:

**All parties on the attached mailing matrix.**

                        By: /S/Kathryn A Hathaway
                            Kathryn A. Hathaway
                            FL Bar No. 622125